**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**GREENVILLE DIVISION**

**BOBBIE JEAN CARPENTER**                                                        **PLAINTIFF**

**V.**                                         **CASE NO. 4:04CV56**

**ELAINE RUTH REINHARD, M.D.**                                       **DEFENDANT**

## MEMORANDUM OPINION

This cause comes before the Court on the defendant's second motion for summary judgment [29-1]. The Court has reviewed the briefs and exhibits and is prepared to rule.

The plaintiff is Bobbie Jean Carpenter, a resident of Belzoni, Mississippi. The defendant is Dr. Elaine Ruth Reinhard, a resident of Tennessee. On July 7, 2003, Carpenter filed this complaint in the Humphreys County Circuit Court against Reinhard, alleging medical malpractice stemming from Dr. Reinhard's treatment of her at the Humphreys County Memorial Hospital ("the hospital") on August 25, 2002. On August 25, 2004, Dr. Reinhard filed her first motion for summary judgment, arguing that she was entitled to immunity under the Mississippi Tort Claims Act (the "MTCA") and that Carpenter failed to comply with the medical malpractice notice provision contained in Miss. Code Ann. § 15-1-36(15).

In an order dated November 22, 2004, the Court denied this motion, finding that summary judgment was precluded by disputed issues of material fact, primarily involving the nature of Dr. Reinhard's contractual relationships with both the hospital and with EmCare Physicians Services ("EmCare"). The complaint alleges that Dr. Reinhard is actually an employee of EmCare and thus not directly an employee of the hospital. Dr. Reinhard has since filed this second motion for summary judgment, supplementing the record with additional discovery which she claims will

demonstrate her true position. Dr. Reinhard also raises, for the first time, an argument that Carpenter is judicially estopped from arguing that Dr. Reinhard is not a hospital employee. The Court will consider each argument in turn.

## ANALYSIS

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). An issue of material fact is genuine if a reasonable jury could return a verdict for the nonmovant. Anderson v. Liberty Lobby, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). In reviewing the evidence, this Court must draw all reasonable inferences in favor of the nonmoving party, and avoid credibility determinations and weighing of the evidence. Reeves v. Sanderson Plumbing Prods. Inc., 530 U.S. 133, 120 S.Ct. 2097, 2110, 147 L.Ed.2d 105 (2000). In so doing, the Court must disregard all evidence favorable to the moving party that the jury is not required to believe. Reeves, 120 S.Ct. at 2110. The determination of whether immunity under the MTCA applies is fact sensitive, but the burden of proving that immunity applies falls on the party moving for summary judgment. Pickens v. Donaldson, 748 So.2d 684, 688 (Miss. 1999).

**I.     DR. REINHARD'S EMPLOYMENT STATUS.**

As was the case in the prior summary judgment motion, the parties continue to disagree on whether Dr. Reinhard is covered by the MTCA, which states in relevant part that:

> [a]n employee may be joined in an action against a governmental entity in a representative capacity if the act or omission complained of is one for which the governmental entity may be liable, but no employee shall be held personally liable

for acts or omissions occurring within the course and scope of the employee's duties. Miss. Code Ann. § 11-46-7(2)(Supp. 1999). However, the statutory definition of "employee" specifically excludes individuals "acting in the capacity of an independent contractor." Miss. Code Ann. § 11-46-1(f).

While Reinhard claims to be an employee of the hospital, Carpenter asserts that she is actually an employee of EmCare, a private corporation, which assigned her to the hospital as an independent contractor. The parties essentially agree that the question of MTCA immunity boils down to whether Dr. Reinhard was an employee of the hospital or whether she was an independent contractor. As an employee of the hospital, Dr. Reinhard is immune from lawsuit in her individual capacity. As an independent contractor, she can be sued in that capacity.

Dr. Reinhard concedes that her contract was with EmCare instead of with the hospital. Dr. Reinhard also concedes that she was not directly paid by the hospital, which instead paid EmCare which in turn paid her. Nevertheless, Dr. Reinhard argues that Carpenter's reliance on these points "exalts form over substance" when the Court should instead analyze her employment status under the test articulated by the Mississippi Supreme Court in Miller v. Meeks, 762 So.2d 302, 310 (Miss. 2000). Under the Miller analysis, the question of employee vs. independent contractor status turns on the following five factors:

1. the nature of the function performed by the employee;
2. the extent of the state's interest and involvement in the function;
3. the degree of control and direction exercised by the state over the employee;
4. whether the act complained of involved the use of judgment and discretion;
5. whether the physician receives compensation, either directly or indirectly, from the patient for professional services.

Miller, 762 So.2d at 310. Dr. Reinhard also cites other Mississippi cases which have interpreted

3

Miller, and she places particularly great reliance on Gilchrist v. Veach, 807 So.2d 485 (Miss. App. 2002) which she asserts is factually similar to the case at bar.

Carpenter responds that the Court need not even consider Miller and Gilchrist, as they only apply when a treating physician's employment status is ambiguous. In cases where a physician has no contract with the hospital but does have a contract with a third party contractor, Miller should not be used to "go behind" the terms of a contract between a doctor and a contracting agency to manufacture an employee relationship where one does not exist.

The Court agrees. Miller and its progeny establish a five-part test to determine whether a doctor is an employee or an independent contractor in situations where a doctor serves as both a contract employee for a state hospital and also as a solo practitioner. As such, the Miller test clarified what had been a confusing area of Mississippi law – the MTCA status of physicians who worked at the University of Mississippi Medical Center as physician-teachers while simultaneously maintaining private practices. Miller, 762 So.2d at 304. In fact, Miller quotes the following statement made by the trial court judge during the summary judgment hearing:

> THE COURT: Let me stop you. I need to deal with him because here's what I've done consistently in these cases and here's why. Unless I've been in a coma the last three years and just woke up, let me tell you what I've been doing. I've never been able to determine whether any doctor was an employee of the University or not.
>
> Every time I get one of these cases I invite people to appeal me and I invite the Mississippi Supreme Court to tell me finally whether or not these doctors who work at the University Medical Center are employees of the University Medical Center or are in private practice. Because every single one of them works for the University Medical Center but then has some contract which allows that he engage in private practice and it allows that all above a certain amount of income accrues to him and he can have it. And so it walks, it talks and feels just like a private practice except that when they get sued, they stand behind this shield of immunity and then I'm a State employee. But let me make all the money I can make in this practice under the terms of my contract with the State. So I've never known whether or not they're

employees of the State or whether or not they're in private practice.

So every time I get one of these cases I say please, please, I'm putting it on the record, I don't know, Supreme Court. Please tell me who these doctors actually work for ...

Id.

While the Miller test was helpful in resolving the question before the Supreme Court of Mississippi, this Court is not persuaded of its relevance in cases where the defendant physician has no direct contractual relationship with a state hospital. Likewise, while Dr. Reinhard cites numerous opinions applying the Miller test in ways she considers favorable to her case, none of them involve physicians whose employment status is analogous to her own.[1]

In fact, the sole case cited by Dr. Reinhard for the proposition that a person contractually employed by one entity can be considered an employee of a completely separate entity rather than an independent contractor is Northern Electric Co. v. Phillips, 660 So.2d 1278 (Miss. 1995). There,

---

[1] See generally Miller, 72 So.2d at 305 ("[I]n his employment contract with UMMC, Dr. Meeks is referred to as "the employee"); Gilchrist, 807 So.2d at 490 ("Veach was full-time employee of Rankin County Medical Center" and "received a straight salary from the hospital"); Bennett v. Madakasira, 821 So.2d 794 (Miss. 2001)(two doctors were contract employees of Board of Trustees of State Institutions of Higher Learning); Wright v. Quesnel, 876 So.2d 362 (Miss. 2004)(doctor had employment contract directly with hospital which defined him as hospital employee); Pickens v. Donaldson, 748 So.2d 684 (Miss. 1999)(doctor who worked exclusively for state hospital was shielded by MTCA, but where contracts of other doctors were not part of court record, summary judgment was inappropriate); Watts v. Tsang, 828 So.2d 785, 789 (Miss. 2002)(doctor had employment contract with UMMC Board of Trustees); Corey v. Skelton, 834 So.2d 681, 683 (Miss. 2003)(doctor had employment contract with hospital); Mozingo v. Scharf, 828 So.2d 1246, (Miss. 2002)("Dr. Scharf was employed by the Board of Trustees of State Institutions of Higher Learning of the State of Mississippi"); Brown v. Warren, 858 So.2d 168, 172 (Miss. App. 2003)("Both Drs. Warren and Bigelow were under contract with the Board of Trustees of State Institutions of higher Learning for the period of Mrs. Brown's treatment"); Clayton v. Harkey, 826 So.2d 1283 (Miss. 2002)("Dr. Harkey was a full-time faculty member who received a fixed contractual salary, all of which was paid from funds controlled by UMMC. Dr. Harkey was not permitted to earn any income from the practice of medicine outside his contract.")

5

the plaintiff Phillips was a contract employee of Kelly Services, an employment agency, and in that capacity, he was served as a temporary maintenance helper for the defendant, Northern Electric Company ("NECO"). Phillips, 660 So.2d at 1279. When Phillips was injured on the job, he sued NECO, and the Mississippi Supreme Court held that his exclusive remedy was in the Mississippi Workers' Compensation Act which was applicable "where a temporary employment agency assigns an employee to another employer and the employee performs the normal work of the second employer and is controlled and supervised by that employer." Id. at 1282. While Phillips would most likely prevent Dr. Reinhard from suing the hospital where she worked if she were injured on the job, the Court finds that this Workers' Compensation case is completely inapposite to the question of whether or not she is an independent contractor within the meaning of the MTCA. In short, the Court is not persuaded that Dr. Reinhard should be considered a state employee under the Miller test.

## II.    JUDICIAL ESTOPPEL.

Dr. Reinhard also argues that Carpenter is judicially estopped from denying that Dr. Reinhard is a hospital employee. Dr. Reinhard relies on Carpenter's one-sentence answer to an interrogatory in her companion case against the hospital (which remains in the Humphreys County Circuit Court) in which Carpenter asserted that the hospital "was vicariously liable for any and all acts and/or omissions" of Dr. Reinhard. Dr. Reinhard reasons that, since the hospital could not be held vicariously liable for the acts of an independent contractor, this response must be viewed as a concession that she is an employee. In support of this argument, Dr. Reinhard cites the following languages from the Mississippi Supreme Court in the case of Russell v. Orr:

In her complaint, Russell asserted that Dr. Orr was employed by PHS in her

6

> allegation of vicarious liability against PHS, stating that "[a]t all times herein mentioned Dr. Orr was acting in the scope of his employment as an emergency room physician for Pontotoc Health Services, Inc." Russell did not oppose the summary judgment by establishing specific facts which went beyond her pleadings. We therefore conclude that, as to Russell, the fact of Dr. Orr's employ by PHS has been judicially admitted and is not subject to appeal.

Russell v. Orr, 700 So.2d 619, 622 -623 (Miss. 1997)(citations omitted).

Dr. Reinhard overlooks an important detail in the above-quoted passage – the plaintiff did not oppose summary judgment by establishing specific facts which went beyond her pleadings. In fact, the plaintiff in Russell apparently did not even raise the fact that the defendant physician was quite clearly a subcontractor under the terms of his employment contract until the appeal. Russell, 700 So.2d at 622. In the case at bar, however, Carpenter has vigorously challenged Dr. Reinhard's summary judgment motions.

Furthermore, the Mississippi Supreme Court has explained the doctrine of judicial estoppel as follows:

> Judicial estoppel is a doctrine of law applied by a trial court to a situation where a party asserts one position in a prior action or pleading but then seeks to take a contrary position to the detriment of the party opposite. As we have stated:
>
>> [T]he doctrine "is based on expedition of litigation between the same parties by requiring orderliness and regularity in pleadings." "[J]udicial estoppel will be applied in civil cases where there is multiple litigation between the same parties and one party knowingly 'assert(s) a position inconsistent with the position in the prior' litigation." However, ... where the first position asserted was taken as a result of mistake, judicial estoppel should not be invoked.

In re Municipal Boundaries of City of Southaven, 864 So.2d 912, 918 -919 (Miss. 2003)(citations omitted). As Carpenter notes, an essential element of judicial estoppel is that the party to be estopped must have taken two inconsistent positions. In this instance, Dr. Reinhard argues that

7

Carpenter's prior position that the hospital might be vicariously liable to her through Dr. Reinhard's conduct is inconsistent with the current position that Dr. Reinhard is an independent contractor. Carpenter responds by arguing that there is no inherent inconsistency between these two positions, as it is possible for the hospital to be vicariously liable even if Dr. Reinhard is not an employee through legal theories such as the doctrine of apparent authority. The Court agrees with Carpenter's analysis and concludes that her response to an interrogatory in a different case suggesting that the hospital could be held vicariously liable for Dr. Reinhard's actions is not so inconsistent with Carpenter's current position that the doctrine of judicial estoppel should be invoked.

## **CONCLUSION**

Based on the foregoing analysis, the Court concludes that Dr. Reinhard has failed to show that she was an employee of the hospital and thus immune to suit under the MTCA. Accordingly, her second motion for summary judgment is DENIED. A separate order to that effect shall issue this day.

This is the 15th day of July, 2005.

                                          **/s/ Michael P. Mills**
                                          **UNITED STATES DISTRICT JUDGE**